FREDERICK W. CLAPP *vs.* CITY OF BOSTON.

Middlesex. Jan. 12. — Sept. 7, 1882. LORD, FIELD & C. ALLEN, JJ.,
absent.

A licensee, under a parol license from the owner of land, of a well and an hydraulic ram thereon, cannot maintain a petition for damages against a city for an interference with the use of the well and ram, by the taking of the land by the city under the right of eminent domain.

PETITION to the Superior Court for the assessment of damages by the taking by the respondent, under the St. of 1872, *c.* 177, of land of the petitioner, and of a certain right to take water from the land of another person. Trial before *Gardner*, J., who allowed a bill of exceptions, in substance as follows:

On October 26, 1852, John W. Olmstead conveyed to Albert Ballord, the right to maintain a dam, then built across a small brook running into Stony Brook, and also a well already sunk below the dam, and an hydraulic ram, by the means of which and of pipes water was forced and conveyed to the land of Ballord. Ballord afterwards conveyed his land and the easement annexed thereto to the petitioner.

Before July 28, 1876, the county commissioners of Middlesex County, at the request of the respondent, laid out a highway across land adjoining the petitioner's, and through the place where the well and ram were situated, but below the dam. The petitioner, after the laying out of the highway, by the oral consent of one Lewis, removed the ram from the limits of the highway, and placed it upon the land of Lewis in a well sunk to receive it, at a point forty feet distant from where it formerly stood. Lewis derived his title to this land from said Olmstead.

On July 28, 1876, the respondent took, under the St. of 1872, *c.* 177, a portion of the land of the petitioner, and also lawfully flowed the land of Lewis where the ram and well were, so that the ram would not work, and the petitioner was thereby deprived of the use of the water at his house and barn, which stood upon land not taken by the respondent.

The judge, at the request of the respondent, ruled that the petitioner was not entitled to recover any damages for the destruction or interference with the right or easement in the water.

The jury were also instructed to assess the petitioner's damages, for the taking of his land and for the taking of the water right, separately. A verdict was returned accordingly. The respondent paid the damages found for the land; and, by agreement of parties, if the petitioner was entitled to recover for the loss of his water right, judgment was to be entered for him in a certain sum; otherwise, the exceptions to be overruled.

*W. Gaston & G. C. Travis*, for the petitioner.

*A. J. Bailey*, for the respondent.

W. ALLEN, J. The only question presented by these exceptions is, whether the petitioner can recover damages for the interference by the respondent with the use of the well and hydraulic ram situated on the land of Lewis. The right granted by Olmstead to Ballord was to maintain the then existing well and ram, and, if this easement was not extinguished by the location of the highway through the land and the consequent abandonment of the easement by the petitioner, it could not be changed by him to a different place on the same parcel of land.

The case finds that the well and ram were placed by the petitioner, where they were situated when interfered with by the respondent, by virtue of a parol license from Lewis, who had acquired the title of the land from Olmstead. This gave the petitioner no estate or right in the land. It was a permission by the owner, which excused acts done under it which without it would be unlawful; and which was revocable, not only at the will of the owner, but by his death, or by alienation or demise of the land by him, and by whatever should deprive him of the right to do the acts and to give permission to do them. When the respondent took the land of Lewis, it took from him the right to do the acts upon the land which he had licensed the petitioner to do, and the right to license the doing of them; and the license given by him was thereby determined. The license by Lewis passed no estate or right in the land out of him which could be reserved to the licensee when the respondent took the land, or on account of which Lewis's damages for such taking could be reduced. When the respondent took the land, the right to maintain upon it the hydraulic ram was in Lewis, and not in the petitioner; and, in using the land for the purpose

for which it was taken, no right of the petitioner was interfered with, and no damage was done to his property. *Cook* v. *Stearns,* 11 Mass. 533. *Cheever* v. *Pearson,* 16 Pick. 266. *Drake* v. *Wells,* 11 Allen, 141. *Exceptions overruled.*