RANLET & a. v. CONCORD RAILROAD CORPORATION.

A party whose land is taken for public use cannot have his damages increased on account of the loss of a gratuitous privilege which he has been enjoying by the sufferance of another.

As the title to all property is held subject to the implied condition that it must be surrendered whenever the public interest requires it, the inconvenience and expense incident to the surrender of the possession are not elements to be considered in determining the damages to which the owner is entitled for land taken for public use.

Where land taken for a railroad use is entered upon by the proprietors of the railroad without the land-owner's consent, and the assessed damages paid to the owner or the state treasurer, the statute does not authorize a reduction of the damages on appeal, and the land-owner is entitled to the damages awarded by the commissioners, notwithstanding on his appeal a less sum is awarded by a jury; but in such case the proprietors of the railroad are entitled to their costs.

APPEAL, by the plaintiffs, from the assessment of damages by the railroad commissioners and mayor and aldermen of Concord, for the plaintiffs' interest in land taken by the defendants for a freight depot, yard, and side tracks.

The plaintiffs' interest in the land taken was a lease from Low, the owner of the land taken, for eleven years, and at the time the land was taken the unexpired term of the lease was about three years. On the line of the land and the railroad was a row of coal and wood-sheds owned by the plaintiffs, and used in their business of coal and wood dealing. About two thirds of the width of the sheds was upon the defendants' land by parol license, revoked by the defendants preliminary to and in view of taking the land. A side track was placed near the front line of sheds by the defend-

ants, from which coal and wood transported for the plaintiffs could be conveniently unladen into the sheds. There was no right given to the plaintiffs, by the lease, of continuing to occupy the lessor's land, with the buildings, beyond the term of the lease, nor was any right of renewal given by the lease.

The plaintiff Prescott, having testified to the size, material, mode of structure, cost, location, and uses of the sheds, the annual rent paid for the use of the land, and the amount of coal and wood annually sold, was asked to give his opinion of the value of his property on the land at the time it was taken, and of the remainder of the term of the lease. The answer was excluded because the witness was not qualified to give an opinion, and because incompetent. For the same reasons, subject to exception, the inquiry what, in the witness's opinion, was the value of the lease, was excluded. The opinion of the plaintiff Ranlet, as to the value of the plaintiffs' interest in the lease and of their rights under the lease, was also excluded, and the plaintiffs excepted.

The following questions were put to Prescott, and excluded, subject to the plaintiffs' exception:

What would be the expense of removing your property, on the land taken?

What was the depreciation in value of the coal on account of taking the land?

What conversation did you have with the defendants' superintendent about coal on hand?

What had been the annual profits of your business while occupying under the lease?

What the annual income of the same business?

The plaintiffs took the sheds in pieces, and removed them from the land. Prescott was inquired of what the value was of his half of the lumber in the sheds. Excluded, and the plaintiffs excepted. Theobald, a building mover, was asked to give his opinion as to the expense of moving the sheds from the land of the railroad. The inquiry was excluded, and the plaintiffs excepted. Subject to the plaintiffs' exception, the defendants were permitted to put in evidence a written notice from the defendants to the plaintiffs, of date February 16, 1882, duly served, to quit the defendants' land and take off their sheds by April 1, 1882. When the railroad took the land, Prescott withdrew from the firm of Ranlet & Prescott, and Ranlet with other partners established himself in the same business on the opposite side of the railroad, erecting there, on land of the defendants, coal sheds to which the defendants ran a side track. Subject to the plaintiffs' exception, the defendants were permitted to show what rent was paid for the land and privileges there enjoyed. The plaintiffs requested the following instructions to the jury: That the lessees are entitled to recover for the good-will of the premises, which would have been valuable as between them and a purchaser; that the jury are

entitled to consider the chance of a beneficial renewal of the lease. The request was refused, and the plaintiffs excepted. The plaintiffs also requested these instructions: In estimating the value of the land taken, the jury may consider the facilities furnished by the railroad in the way of side tracks, or a convenient switch or approach for a track running on the land. [If the jury find that these facilities are usual and reasonable, they may consider that they cannot be arbitrarily withdrawn.] The court declined to give the part in brackets, but gave the other part, and the plaintiffs excepted.

The verdict was for a less sum than that awarded by the commissioners, and the plaintiffs move for a new trial. If this is not granted, the plaintiffs claim to recover the amount awarded by the commissioners, notwithstanding the verdict.

*W. J. Copeland*, for the plaintiffs.

*Chase & Streeter* and *J. Y. Mugridge*, for the defendants.

CLARK, J. There was no evidence calling for the instructions requested and denied. So far as the case discloses, there was no evidence of good-will attached to the land taken by the railroad; and if there was, it was merely evidence of the value of the land, not to be estimated separately from it. Nor does it appear that there was an established trade or business connected with the location, which enhanced the value of the plaintiffs' lease. The premises were occupied by the plaintiffs' coal- and wood-sheds, and used for storage purposes; but it does not appear that the plaintiffs' business with their customers was carried on at that place, or that any sales were made there. The good-will of the business and the right to continue it were not taken, and there is nothing in the case showing that a change of location of the coal- and wood-sheds would subject the plaintiffs to a loss of customers. The request for instructions upon this point was properly denied. *Goodrich* v. *Railroad*, 38 N. H. 390. The request for instructions that the jury might consider the chance of a beneficial removal of the lease in assessing damages stands upon the same ground. There was no provision for a renewal in the lease, and no evidence upon that point in the case. Whether a renewal of the lease could have been secured upon any terms, beneficial or otherwise, was wholly a matter of conjecture too remote and uncertain to form a legal basis of a claim for damages.

The plaintiffs have no ground of exception to the instructions given relative to the facilities furnished by the railroad. The jury were instructed that in estimating the value of the land taken they might consider the facilities furnished by the railroad in the way of side tracks, or a convenient switch or approach for a track running on the land. Under this instruction, which it must be

assumed they understood and followed,· the jury assessed the damages for taking the plaintiffs' interest in the land as it had been used and enjoyed with the facilities previously furnished, and this necessarily implied a continuance of those facilities during the term of the lease. Considering the fact that the facilities furnished included the gratuitous occupancy of a portion of the land of the railroad by the plaintiffs' sheds, the instructions were sufficiently favorable to the plaintiffs. A party, a part of whose lands has been taken for public use, cannot have his damages increased on account of the loss of a gratuitous privilege which he has been enjoying by the sufferance of another. *Hatch* v. *C. & I. Railroad Co.*, 18 Ohio St. 93; *Clapp* v. *Boston*, 133 Mass. 367; 3 Suth. Dam. 442. The ruling, excluding the opinions of the plaintiffs as to the value of the property on the land at the time it was taken and the value of the interest in the lease, on the ground that they were not qualified to give an opinion, is not revisable. G. L., c. 228, *s.* 23; *Dumas* v. *Hampton*, 58 N. H. 134; *Dole* v. *Johnson*, 50 N. H. 452; *Perkins* v. *Stickney*, 132 Mass. 217.

The expense of removing the plaintiffs' property from the land taken and from the land of the railroad, the value of the lumber , after removal, the amount of the depreciation in value of the coal on account of taking the land, and the annual profits and income of the plaintiffs' business under the lease, were immaterial matters, and the evidence upon these points was properly excluded. The land covered by the plaintiffs' lease was taken by the defendants in the legitimate exercise of the power of eminent domain. The measure of the plaintiffs' damages was the market value of the unexpired lease, and the excluded evidence could furnish no aid in the determination of that question. *Petition of Mt. Washington Road Co.*, 35 N. H. 134, 146; Cool. Const. Lim. 565; *Lawrence* v. *Boston*, 119 Mass.· 126. As the title to all property is held subject to the implied condition that it must be surrendered whenever the public interest requires it, the inconvenience and expense incident to the surrender of the possession are not elements to be considered in determining the damages to which the owner is entitled. A land-owner is not entitled to the expense of removing personal property from the land taken. *Cent. Pacific Railroad Co.* v. *Pearson*, 35 Cal. 247. The plaintiffs' business was not taken nor destroyed, and the annual profits and income were matters too remote to be weighed in determining the market value of the lease. *Cobb* v. *Boston*, 109 Mass. 438, 444; *Whitman* v. *Railroad*, 3 Allen 133. The fact of the revocation of the license to the plaintiffs to continue· their sheds on the land of the railroad, and the price of rent for land and facilities suitable for carrying on the plaintiffs' business in the immediate vicinity, were competent evidence on the question of the value of the unexpired term of the plaintiffs' lease.

The defendants have entered upon and taken the plaintiffs' right

in the land for the use of their road.  By the terms of the statute, payment of the damages awarded to the owner, or, on his refusal of the same, to the state treasurer, was required before such entry and taking (G. L., c. 160, s. 22) ; and the defendants, having elected to comply with the requirements of the statute and enter upon the land, cannot recover back the damages so paid or any portion of them, and the plaintiffs are entitled to the sum awarded, notwithstanding the verdict.  But the verdict being for a less sum than the damages awarded by the commissioners, the defendants are entitled to costs.  Gen. Laws, c. 160, s. 17, provides that on appeal from the assessment of damages by the railroad commissioners, the same proceedings shall be had as on appeal from an award of damages by the county commissioners, and c. 69, s. 13, Gen. Laws, provides that if, upon an assessment of damages by a jury, on appeal from the award of the county commissioners, the land-owner recovers a greater sum, he shall be allowed his costs; otherwise, he shall pay costs.  The plaintiffs' exceptions are overruled, and there must be

*Judgment for the defendants for costs.*

ALLEN, J., did not sit; the others concurred.