RIEBS and others, Respondents, vs. MILWAUKEE COUNTY PARK COMMISSION, Appellant.

*January 13—February 17, 1948.*

The cause was submitted for the appellant on the brief of *William J. McCauley,* district attorney of Milwaukee county, and *Oliver L. O'Boyle,* corporation counsel, and for the respondent Theresa M. Ross on the brief of *George A. Burns* of Milwaukee.

WICKHEM, J.    The sole question presented upon this appeal is whether the month-to-month tenancy of Theresa M.

Ross has any market value, and if it has, whether the verdict of the jury as to its value is sustainable under the evidence.

The Riebs' property was a strip sixty feet wide and four hundred feet in length, on the lake shore in the city of Milwaukee. It was formed largely by accretions and lay on both sides of a so-called breakwater or pier constructed by the United States Government and extending into Lake Michigan at this point. A shack originally built upon the hulk of an old fishing boat stood on the extreme southeasterly tip of this property. It had been leased by Riebs and their predecessors in title for more than fifty years. The tenants used it as a stand for the sale of candy, soft drinks, and other articles useful to fishermen, bathers, and picnickers. At the time of the condemnation proceedings Mrs. Ross occupied this shack as tenant from month to month under a written lease at a rental of $25 per month up to 1946 and thereafter at $35 per month. The premises were originally leased to the husband of Mrs. Ross in 1929 and after his death in 1940 to Mrs. Ross. Riebs testified that the term was from month to month in order that he might have necessary "protection for homesite" in the event that operation of the stand should become a nuisance. He stated, however, that he had no other intention than to permit Mrs. Ross to remain as tenant for another season. We have the situation, then, of condemnation proceedings of the Riebs' land, which includes the shack leased to Mrs. Ross. The value of the Riebs' land has been settled by the verdict and there is no appeal from that. The only question raised upon this appeal has to do with the value of the month-to-month tenancy of Mrs. Ross, the Park Commission claiming that it has no value or if it has, its value must be limited to the worth of occupying the stand for thirty days since the tenancy could be terminated in that period.

Respondent contends that the jury could conclude from the evidence that Riebs had no present intention of canceling the Ross lease and that except for the condemnation she would

have been permitted to hold over for another season; that from evidence of one of the real-estate experts, as well as her own evidence, the jury were entitled to conclude that the value of the lease for a year was $1,200.

We are of the view that appellant's contentions are sound. This was a condemnation under sec. 27.065, Stats., which permits the county board of any county which shall have adopted a county system of parks to acquire the lands necessary for carrying out all or part of this plan by purchase or condemnation. It is provided by sub. (2) (a) of sec. 27.065 that when lands are condemned for this purpose the provisions of ch. 32, Stats., relating to acquisition of lands for streets shall govern, with exceptions that are not important here. Under sec. 32.12, it is provided that after the award of the commission is recorded in the judgment book of the court the condemnor may pay into court for the use of the owners the amount so awarded and "thereupon may enter upon, take and use the property for the purposes for which it was condemned." Sec. 32.14 provides that when no appeal is taken from the award or after the determination of the appeal the condemnor shall pay into court the amount of the judgment or file a receipt therefor, whereupon "if the person condemning be a municipality, board or commission with power to take and hold real property, the exclusive use of said property shall so vest in such municipality, board or commission in fee simple." In this case the commissioners made an assessment for benefits and damages on November 21, 1946. On February 24, 1947, the county paid into court the amount of the award. So far as we can ascertain from the record Mrs. Ross abandoned the stand sometime in the fall of 1946. Since the point is not raised or briefed we shall make no comment upon the propriety of instituting separate condemnation proceedings against the owner of a fee and the owner of a leasehold. In *Spaulding v. Milwaukee, L. S. & W. R. Co.* 57 Wis. 304, 14 N. W. 368, 15 N. W. 482; and *Fiorini v. Kenosha,* 208 Wis. 496, 243 N. W.

761, misgivings concerning the propriety of this practice were expressed but the practice was not condemned. In the *Fiorini Case* which involved a condemnation of a leasehold extending for several years it was said that the measure of damages in such a condemnation is the "rental value over the rent reserved." No attack is made upon the soundness of this rule and we shall proceed to apply it. Respondent held by a tenancy from month to month and her tenancy could be terminated by the usual thirty days' notice. Hence, as against her landlord, the only thing that respondent could insist upon was a proper thirty days' notice to vacate the premises. Since the Park Commission undertook separately to condemn her leasehold interest the only right that it could take away from her by condemnation was the right to a proper thirty days' notice, and possession to the end of this period. To put it in other words, what the commission sought by condemnation was the right to take possession in disregard of Mrs. Ross' right to a thirty days' notice to quit. It is obvious to us that this is the only right of Mrs. Ross that the commissioners or the jury could value. It was error to award her damages for the period of a year's occupancy. This award was based upon the theory that Riebs would not have disturbed her possession for at least that period but what Riebs might have done seems to us to be wholly immaterial. If the Park Commission (as it did) should pay the amount of award into court in accordance with sec. 32.14, it could oust both Riebs and Mrs. Ross of their possession and the only thing that Mrs. Ross would lose would be the right to notice that she had as against Riebs. If the county should take possession immediately upon getting title in fee simple the situation would be the same.

For this reason we are of the view that respondent's damages must be limited to the value of thirty days' occupancy of the premises. Giving respondent the benefit of the assumption that although her business was seasonal the value of the month-to-month lease may be arrived at by averaging her total

receipts over a whole year, and taking her own evidence that the lease was worth $1000 a year, the value of the lease is substantially lower than found by the jury. If the lease was worth $1000 for one year it was worth $83 per month or $48 over and above the rent of $35 which was reserved by the landlord. Therefore, $48 is the highest damage that can be sustained as the value of thirty days' occupancy of the premises. It follows that the judgment must be reversed.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for respondent in the sum of $48.