Chables Lambíase, J.
In our accompanying decision we have made findings of essential facts, and we have arrived at appropriate conclusions of law. However, we set forth in this memorandum certain points which we deem proper and which may be discussed more appropriately herein than in said decision.
The proper rule governing condemnation proceedings in cases of this sort is stated in Mayor & City Council of Baltimore v. Gamse & Brother (132 Md. 290, 293) where the court said: ‘ ‘ In proceedings instituted to condemn the reversionary interest, as well as the leasehold interest, the rule is to ascertain the entire compensation to be allowed as though the entire title or estate in the property belong to one person, and then apportion the sum between the holders of the different interests, according to their respective rights. Baltimore City v. Latrobe, 101 Md. 629, 61 A. 205 [4 Ann. Cas. 1005].” (Carlock v. United States, 53 F. 2d 926.) And this is what we have done in arriving at our decision herein.
The lessees under the three leases specifically found in our accompanying decision each placed improvements upon the premises appropriated. These improvements, under the circumstances herein, became part and parcel of the real estate, and there was no right to removal of the same reserved to any of them by the agreement of lease, the provisions of paragraph No. 19th of the Rudner lease not being applicable. In fact, in paragraph No. 9th of each of the three leases it is substantially set forth: “ that all fixtures, except trade fixtures, now attached to the realty or attached during the term thereof, either by the Landlord or by the Tenant, shall upon expiration of the term hereof remain so attached and become the property of the Landlord.” Nor was there the right of removal, under the circumstances herein, by operation of law.
*880 Assuming arguendo that said improvements enhanced the value of the freehold in an ascertainable sum which could and would be reflected in the overall market value thereof, claimants, Robert L. Van Deusen, Albert (Abraham) Eudney, and Henry Eosenbloom doing business as United Food Stores, would not be entitled to any share of such enhancement for the reason that the taking of the property by the State of New York destroyed no right to severance of said improvements which the tenants might otherwise have had at the expiration of the lease. (Matter of City of New York [Allen St.], 256 N. Y. 236, 249.) However, the expenditures for improvements undoubtedly were part of the consideration entering into the contracts for the leases of the various stores in the property, and presumably reduced to a considerable extent, at least, the monthly rentals named therein. These expenditures for improvements were made by the respective lessees on the basis of the terms of their respective leases and in anticipation of the enjoyment of the benefits to be derived therefrom for the respective periods of the leases. This does not mean that the lessee in each instance is entitled to compensation for the cost of the improvements, but only to the extent that they have enhanced the market value of the leasehold over and above the obligations of the lease. To that extent they become an item of value to be considered in fixing the value of the lease. The purchaser of the lease on the open market would, therefore, derive the benefits of the improvements without any additional expense for the unexpired terms of the leases. It follows that these benefits are of equal value to claimants and should be considered in fixing the market value of the leases. In other words, in determining in each instance the market value of the lease for the unexpired term thereof, the value of the improvements to the premises for leasing purposes for the remaining unexpired term is a proper matter for consideration. And this we have done and our decision reflects the same as set forth in our findings of reasonable rental values.
It is maintained by claimant, Marfil Properties, Inc., that claimant Rudner has waived any right or claim to any part of the award herein because of the provisions of paragraph No. 15th of his lease. This provision reads as follows: ‘ ‘ 15th. If the whole or any part of the demised premises shall- be taken or condemned or shall be sold or conveyed for any public or quasi public use or purpose, this Lease and the term thereof shan thereupon be terminated upon thirty days’ written notice to the Tenant, without apportionment of the award or purchase *881 price, ánd the1 Tenant shall not he entitled to any part of the award nor to any compensation, or to any part of the purchase price, and the Tenant hereby expressly waives any right or claim to any part of the award or purchase price. However, any rentals paid by the Tenant for any period beyond the date of the surrender of possession by the Tenant, shall be repaid to the Tenant pro-rata.” (Emphasis supplied.) No leasehold survived the appropriation, and if claimant, Marfil Properties, Inc., is right in its position, claimant Eudner would not be entitled to any compensation for the untimely termination of Ms leasehold. However, we are unable to agree with claimant, Marfil Properties, Inc.
By the express terms of paragraph No. 15th aforesaid, it is provided: “ and the term thereof shall thereupon be terminated upon thirty days’ written notice to the Tenant,”. The effect of said paragraph, among other things, was to limit Eudner’s term upon the happening of the contingencies therein named, to expiration upon 30 days’ notice to him. It is not disputed that such notice was never served by claimant Marfil Properties, Inc. upon Eudner. Therefore, the limitation set forth in said paragraph No. 15th never attached to the leasehold estate (Miller v. Levi, 44 N. Y. 489), and the notice of appropriation and map served by the State of New York on Eudner and the subsequent notice given by the State of New York to him to qmt the premises did not create such limitation. Claimant Eudner was entitled to the benefit of his agreement of lease. (Payne v. Brathwaite, 113 Misc. 517.) We have, therefore, concluded that paragraph No. 15th was never activated and is not a bar to the claim of Eudner for damages by reason of the premature termination of Ms leasehold by the appropriation herein.