114 So.2d 237

**CITY OF DOTHAN**

v.

**S. F. WILKES et al.**

4 Div. 968.

Supreme Court of Alabama.

Aug. 13, 1959.

C. R. Lewis, Dothan, for appellant.

H. K. & J. F. Martin, Dothan, for appellee Wilkes.

Lee & McInish, Dothan, for appellee Yongue.

LAWSON, Justice.

This is an appeal by the City of Dothan from a final order of condemnation of land for the construction of a highway.

The right of the City to condemn the property was conceded. The only question litigated was the amount of compensation to be awarded those affected by the taking of the property. It was agreed that the taking occurred on September 20, 1957.

The tract of land involved in this appeal was owned by the appellee S. F. Wilkes, subject to a lease to appellee Billy Yongue. At the time of the taking a little over fifteen months remained prior to the expiration of the lease, which will be set out in the report of the case.

The trial court, with the consent of the parties, instructed the jury to find and return separately the value of the estate of the lessor and the lessee and to find and return the combined value of those estates. The jury awarded the owner, Wilkes, the sum of $5,400 and awarded the lessee, Yongue, the sum of $1,800. In its verdict the jury also stated: "We find the total combined damages and compensation for said Tract 44 for the owner and the lessee at $7,200 Dollars."

In pertinent parts the judgment appealed from reads:

"Now, It Is The Judgment And Opinion Of The Court that the said damages and compensation so fixed by the jury should be apportioned and

allowed, and it is the judgment, and order of the Court that they should be allowed and apportioned as follows: That the sum of $5,400.00 should be allowed and paid to S. F. Wilkes, the owner of the property described as Tract 44 in the said application; and that the sum of $1,800.00 should be allowed and paid to Billy Yongue, the owner of the leasehold interest in the said tract; * * *."

In Williams v. Jefferson County, 261 Ala. 76, 72 So.2d 920, recognition was given to the rule that where leased property is acquired by eminent domain, owner and lessee both have an interest in the total award in the absence of any agreement to the contrary. See Thompson v. City of Mobile, 240 Ala. 523, 199 So. 862. In Williams v. Jefferson County, supra, it is pointed out that it is not within the province of the jury on appeal to the circuit court to make distribution of the award among the owner and other claimants (Title 19, § 26, Code of Alabama 1940); that the value of the tenant's leasehold interest is to be awarded him by the court when the total award is distributed and is to be deducted from the share of his landlord. In these respects the Williams case was not criticized in Harris v. Mobile Housing Board, 267 Ala. 147, 100 So.2d 719.

The observations in the Williams case to which we have referred are in accord with the generally recognized rule that where there are several interests or estates in a tract of land taken by eminent domain, the proper method of fixing the value of or damage to each interest or estate is to determine the value of or damage to the interests as a whole and then to apportion the gross award among the several owners according to their respective interests. State, By and Through State Highway Commission v. Burk, 200 Or. 211, 265 P.2d 783; New Jersey Highway Authority v. J. & F. Holding Co., 40 N.J.Super. 309, 123 A.2d 25; Aronoff v. City of Dallas, Tex.Civ.App., 316 S.W.2d 302; Marfil Properties, Inc. v. State, 9 Misc.2d 878, 168 N.Y.S.2d 234; City of St. Louis v. Rossi, 333 Mo. 1092, 64 S.W.2d 600.

The constitutional and statutory provisions relating to eminent domain comprehend compensation for damage to property rather than for damage to persons. Constitution of 1901, §§ 23, 235; 1940 Code of Alabama, Title 19. Of course, all persons having an interest in the land taken are entitled to share in the compensation awarded according to the adjudicated valuation of their interests, but this does not alter the fact that the ultimate question, in so far as the condemnor is concerned, is the total compensation required to be paid for the property itself. Primarily, the apportionment of the gross award is a matter of dispute between the fee owner and any lessees, mortgagees or any other persons having interests in the condemned property. Title 19, §§ 26, 27, Code of Alabama 1940; Frankfurt v. Texas Turnpike Authority, Tex.Civ.App., 311 S.W.2d 261, and authorities there cited.

In State ex rel. McCaskill v. Hall, 325 Mo. 165, 28 S.W.2d 80, 81, 69 A.L.R. 1256, the Missouri court cited as a general rule the following, which is taken from Lewis on Eminent Domain:

"'When there are different interests or estates in the property, the proper course is to ascertain the entire compensation as though the property belonged to one person and then apportion this sum among the different parties according to their respective rights. The value of property can not be enhanced by any distribution of the title or estate among different persons or by any contract arrangements among the owners of different interests. Whatever advantage is secured to one interest must be taken from another, and the sum of all the parts cannot exceed the whole.' 2 Lewis on Eminent Domain (3d Ed.) § 716, p. 1253."

The same rule is laid down in 4 Nichols, The Law of Eminent Domain, 3d Ed., § ·12.36[1], as follows:

"It was formerly looked upon as one of the most firmly established principles of law of eminent domain, and it is still the law in the usual case, that when a tract of land is taken by eminent domain, as the land itself is taken by a paramount title rather than the separate estates of different persons having interests in the land, the compensation awarded is for the land itself, and not for the sum of the different interests therein. The duty of the public to make payment for the property which it has taken is not, it is said, affected by the nature of the title or by the diversity of interests in the property. The public pays what the land is worth, and lets the amount so paid be divided among the various claimants, according to the nature of their respective estates. The rule was expressed in the following language:

" 'No contracts between the owners of different interests in the land can affect the right of the government to take the land for the public use, or oblige it to pay by way of compensation more than the entire value of the land as a whole.' "

To the same effect see 1 Orgel on Valuation under Eminent Domain, 2d Ed., § 107, p. 455; 29 C.J.S. Eminent Domain § 197, pp. 1102–1103; 18 Am.Jur., Eminent Domain, § 239, pp. 872–873.

■ Under the authorities cited above the verdict of the jury in so far as it may be said to apportion the award between the lessor, Wilkes, and the lessee, Yongue, is irregular, but the appellant City makes no attack upon the form of the verdict inasmuch as it consented that the jury be instructed to return its verdict in that form. We note that the trial court actually apportioned the award between the lessor and lessee, although it followed the findings of the jury in that regard.

The appellant complains that the verdict is excessive and asserts that the excessiveness is due in large measure to the fact that the trial court erred in refusing to correctly instruct the jury as to the measure of damages for the leasehold interest which was taken.

■■ The appellant assigns as error the refusal of the trial court to give appellant's written requested charge No. 1, which reads:

"The Court charges the Jury that in arriving at the amount of compensation, if any, to which defendant Billy Yongue may be entitled for the taking of his leasehold interest in the real estate owned by defendant, S. F. Wilkes, the only proper measure of such compensation is the difference between the fair and reasonable market value of the unexpired portion of defendant Billy Yongue's lease of said real estate and the amount of rent which would be due by defendant Billy Yongue for said unexpired portion of said lease, all to be considered as of the time of the taking of said leasehold in-· terest in this case."

This charge was not adequately covered by the court's oral charge or by any of the written charges given at the request of the appellant. It states the law correctly in regard to a conventional short-term lease for years, such as is involved here. Yellow Cab Co. v. Howard, 243 Ill.App. 263; Pierson v. H. R. Leonard Furniture Co., 268 Mich. 507, 256 N.W. 529, 98 A.L.R. 244; In re Morgan R. & S. S. Co., 32 La.Ann. 371; Riebs v. Milwaukee County Park Commission, 252 Wis. 144, 31 N.W.2d 190; City of Baltimore v. Games & Bro., 132 Md. 290, 104 A. 429; 4 Nichols, The Law of Eminent Domain, 3d Ed., § 12.42[3], pp. 175–181; 1 Orgel on Valuation under Eminent Domain, 2d Ed., § 126, pp. 536–541; 18 Am.Jur., Eminent Domain, § 296, pp. 938–939; 29 C.J.S. Eminent Domain § 143, pp. 988–989; Annotation, 3 A.L.R.2d 286.

The charge should have been given and its refusal constitutes reversible error.

■■ The appellant also assigns as error the refusal of the trial court to give at appellant's request its written charge No. 5, which reads:

"The Court charges the jury that in ascertaining the damages and compensation, if any, to which defendant Billy Yongue may be entitled for the condemnation and taking of the unexpired portion of his leasehold interest in the real estate owned by defendant S. F. Wilkes, you should not take into consideration the loss, if any, sustained by defendant Billy Yongue which resulted from the depreciation of the personal property or fixtures owned by him and used by him in the operation of his business on the property leased by him from defendant S. F. Wilkes."

This charge states a correct principle of law. United States v. Entire Fifth Floor in Butterick Bldg., D.C.N.Y., 54 F.Supp. 258; City of St. Louis v. St. Louis, I. M. & S. R. Co., 266 Mo. 694, 182 S.W. 750, L.R.A.1916D, 713; Fiorini v. City of Kenosha, 208 Wis. 496, 243 N.W. 761; Pause v. City of Atlanta, 98 Ga. 92, 26 S.E. 489, 58 Am.St.Rep. 290; North Coast R. Co. v. A. A. Kraft Co., 63 Wash. 250, 115 P. 97; 4 Nichols on Eminent Domain, 3d Ed., § 13.121[1], p. 215; 1 Orgel on Valuation under Eminent Domain, 2d Ed., § 69, pp. 306–311. It was not covered by the oral charge or given charges and the court erred to a reversal in refusing to give it. The charge is not abstract.

There was evidence of the market value of the unexpired portion of Yongue's lease and the case was not tried on the theory that there was no such market value. Cf. Housing Authority of Birmingham Dist. v. Title Guarantee Loan & Trust Co., 243 Ala. 157, 8 So.2d 835.

■ Error is also assigned in regard to the action of the trial court in refusing to give appellant's written requested charge No. 7, which reads:

"The Court charges the Jury that in ascertaining the damages and compensation, if any, to which defendant Billy Yongue may be entitled for the condemnation and taking of the unexpired portion of his leasehold interest in the real estate owned by defendant S. F. Wilkes, you should not take into consideration any amount paid by said Billy Yongue for the good will of the business which was being operated on said real estate prior to the lease of said real estate by said Billy Yongue."

This charge states a correct principle of law. Cobb v. City of Boston, 109 Mass. 438; Ranlet v. Concord R. R. Corp., 62 N.H. 561; In re New York, W. S. & B. R. Co., 35 Hun. 633; Chicago, R. I. & P. R. Co. v. Larwood, 175 Okl. 96, 51 P.2d 508; Reeves v. City of Dallas, Tex.Civ.App., 195 S.W.2d 575; Bales v. Wichita Midland Valley R. Co., 92 Kan. 771, 141 P. 1009, L.R.A.1916C, 1090; Banner Milling Co. v. State, 240 N.Y. 533, 148 N.E. 668, 41 A.L.R. 1019, certiorari denied 269 U.S. 582, 46 S.Ct. 107, 70 L.Ed. 423; 18 Am.Jur., Eminent Domain, § 261, p. 902; 29 C.J.S. Eminent Domain § 162, p. 1031; 4 Nichols on Eminent Domain, 2d Ed., § 13.3, pp. 253–259, § 13.31, pp. 265–266; 1 Orgel on Valuation under Eminent Domain, 2d Ed., §§ 75, pp. 325–326. See Thompson v. City of Mobile, 240 Ala. 523, 199 So. 862. It was not covered by the written charges given at appellant's request or by the court's oral charge. It is not abstract. The court permitted evidence as to the amount of money which Yongue had paid for the good will of the business which he had purchased. It is our opinion that the refusal of this charge constitutes reversible error.

For the errors pointed out the judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.