I think the trial judge erroneously applied the law regarding the valuation of Harco's leasehold interest; therefore, I respectfully dissent, on basically the same grounds I expressed in my dissent in Shell Oil Company v. Guyton, 364 So.2d 292
(Ala. 1978). I recognize that the majority follows the rule of leasehold valuation first established by City of Dothan v.Wilkes, 269 Ala. 444, 114 So.2d 237 (1959), which was reenforced in Shell Oil Company, supra, but I think the majority fails to recognize that the rule is inequitable, if not unconstitutional, in that it allows a lessor to include a lessee's fixtures and improvements in determining the value of the condemned property, but deprives the holder of the leasehold from sharing in the award to the extent of the fair market value of his leasehold. As such, the apportionment formula adopted in this case deprives the lessee of the fair market value of his leasehold interest and constitutes a taking of his property without "just compensation" therefor, in violation of both our state and federal constitutions.
The majority justifies the application of the rule by comparing it to the carving up of a "chicken." The majority states that a *Page 7 
court, at the time of apportionment, sits "in the place of the head of the household who must superintend the carving up and distribution of a chicken which is really not big enough to go around. . . ." If the rule produces that result, then I suggest that either the "chicken," that is, just compensation, was insufficient to cover the interest taken, or the lessee's "corn" was used to fatten the "chicken" and when it was carved up, he only got a drumstick. To state that there is insufficient "compensation" to pay each interest holder what was justly due him is to suggest the inequity, and the unconstitutionality, of the apportionment rule.
I believe this Court should adopt an approach to valuation as set out in Kizer, Valuation of Leasehold Estates and EminentDomain, 67 W.Va.L.Rev. 101, 105 (1965).