SHORES, Justice.
This is an appeal from an order entered on a complaint for declaratory judgment in favor of plaintiffs Godwin Davis, Jr., and William R. Davis (Davis brothers) and against J.T. Attaway and the State of Alabama. The complaint sought to have the court declare that Attaway had no leasehold interest in real estate owned by the Davis brothers and condemned by the State of Alabama.
On August 6,1979, the State of Alabama filed a petition in the probate court of Russell County, Alabama, seeking to condemn for highway purposes several tracts or parcels of land located in Phenix City. In its petition, the State alleged that the Davis brothers were the owners of certain of the tracts or parcels and that Attaway claimed a leasehold or other interest in a portion of those parcels. The land was used as a trailer or mobile home park.
By order dated October 19, 1979, the judge of probate of Russell County granted the State’s petition to condemn and, in accordance with Ala.Code 1975, § 18-1-15, appointed three commissioners to assess the damages and compensation for the taking of the various properties.
On November 19,1979, the commissioners so appointed filed their written report in the probate court, which fixed the damages and compensation for the taking of the realty in question here at $153,350.00. On December 20, 1979, the judge of probate entered his final order condemning the realty and setting the damages at the amount assessed by the commissioners.
From that order, Attaway took an appeal in his name and in the name of the Davis brothers to the circuit court of Russell County for the purpose of having a trial de novo on the amount of damages awarded by the probate court.
The Davis brothers, claiming that Atta-way had no leasehold or other interest in the realty at the time of the granting of the State’s petition to condemn, filed a complaint for declaratory judgment in the circuit court. The complaint asked that: (1) The condemnation proceedings in the circuit court by way of Attaway’s appeal be stayed, pending a final judgment in the declaratory judgment action; and (2) the court declare that Attaway has no leasehold or other interest in the real estate in question and, thus, no interest in the damages or compensation.
The trial court, hearing the evidence ore tenus, entered a final judgment, finding specifically (1) that, prior to the filing of the condemnation petition, Attaway abandoned or forfeited any interest, leasehold or otherwise, he may have previously had in the realty owned by the Davis brothers; (2) *610 that no agreement existed either before or after the filing of the condemnation petition by which the Davis brothers agreed to compensate Attaway for any improvements Attaway may have placed on the realty; and (3) that Attaway has no present or future interest in the award of damages or compensation for the taking of the realty in question.
Prom that judgment Attaway perfected this appeal. We affirm.
Appellant’s first contention is that the Davis brothers’ action for declaratory judgment constituted a substitute for the appeal taken by Attaway from the order of condemnation entered in the probate court and, thus, was improper. We disagree.
The issue of appellant’s interest in any of the award of compensation and, thus, his standing to take an appeal of the condemnation to the circuit court is not an issue of that appeal. An appeal of a condemnation from the probate court to the circuit court raises only the issues of the right to condemn and the amount of damages or compensation. Cloverleaf Land Co. v. State, 276 Ala. 443, 163 So.2d 602 (1964); Jefferson County v. Berkshire Development Corp., 277 Ala. 170, 168 So.2d 13 (1964). Normally, it is not within the province of the jury on appeal to make distribution of the award among the several claimants of the tract. City of Dothan v. Wilkes, 269 Ala. 444, 114 So.2d 237 (1959).
Thus, the issues raised in the instant action for declaratory judgment were never resolved by the probate court, and, therefore, this action has not been made a substitute for an appeal. The apportionment of the gross award is a matter of dispute between the owner of the fee interest and any other persons claiming a leasehold, mortgage, or other interest in the realty in question. City of Dothan v. Wilkes, supra, 114 So.2d at 240. See, generally, 4 Nichols, The Law of Eminent Domain, § 12.36[1] (3d ed. 1981).
As previously stated, one claiming a leasehold or other interest may take an appeal and have a trial de novo in the circuit court and, thus, affect the amount of compensation of all other persons having an interest in the realty. Because this effect may be adverse to these other persons, who may have been satisfied with the award of the probate court, an action for declaratory judgment will lie for a determination of the interests of the various parties and, therefore, their standing to bring an appeal in the circuit court.
In the instant action, the trial court found that Attaway had abandoned any leasehold interest he may have had in the condemned realty prior to the filing of the petition of condemnation by the State. That finding is supported by the evidence and is hereby affirmed. Therefore, he had no standing to appeal to the circuit court the condemnation order.
Appellant next contends that the action for declaratory judgment was improper because it involved the determination of a factual question. Again, we do not agree.
The primary declaration sought by the complainant was a determination of the legal interest, if any, of Attaway in the condemned property. The resolution of that issue, as it turned out, revolved around the purely factual issue of abandonment by the lessee, Attaway.
Ala.Code 1975, § 6-6-228, provides that issues of fact may be determined in an action for declaratory judgment. In the resolution of those issues of fact, a party to a complaint for declaratory judgment is entitled to a jury trial if he would have had such a right in the cause of action for which the action for declaratory judgment may be considered a substitute. Reed v. Hill, 262 Ala. 662, 80 So.2d 728 (1955).
Appellant, however, in his responsive pleadings, never demanded a jury trial. Therefore, the factual determinations were properly made by the trial court.
Finally, appellant contends that, if the trial court had the right to determine the issue of abandonment, the judgment finding such abandonment is not supported by the facts. We cannot agree. In fact, the *611 evidence was largely without dispute that the appellant moved all of his units from the property and stopped paying rent on the property several months before the condemnation proceedings were commenced and notified one of the Davis brothers some six months before that, from that day forward, he would not be responsible for anything and that his rent check for the month of February, 1979, would be the last one he would pay. Under this evidence, the trial court was justified in finding that Attaway had abandoned any remaining interest, if any, he had in the leasehold.
Because the issue resolved below was a purely factual one, and because the judgment of the trial court is supported by the evidence, its judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.