(62 Misc. Rep. 58.)

### ELMORE & HAMILTON CONTRACTING CO. v. STATE.

(Court of Claims of New York.  January, 1909.)

1. STATES (§ 184*)—CLAIMS AGAINST STATE—BRINGING IN OTHER PARTIES.

The jurisdiction of the Court of Claims to order the bringing in of other parties, under Code Civ. Proc. §§ 264, 281, on presentation of claims against the state, is limited to proceedings in which the state has consented to be sued.

[Ed. Note.—For other cases, see States, Cent. Dig. § 172; Dec. Dig. § 184.*]

2. STATES (§ 184*)—CLAIMS AGAINST STATE—JURISDICTION.

Where a claim is presented against the state for damages in the construction of a road in the county of Orange, a motion to bring in the county as a party defendant will be denied, under Code Civ. Proc. § 281.

[Ed. Note.—For other cases, see States, Cent. Dig. § 172; Dec. Dig. § 184.*]

Claim by the Elmore & Hamilton Contracting Company against the State of New York. Motion to bring in County of Orange as party defendant denied.

Edgar T. Brackett, for the motion.

Joseph W. Gott, for Orange County.

George P. Decker, Deputy Atty. Gen., for the State.

MURRAY, J. This claim is presented to the court to recover from the state of New York the sum of more than $65,000 as damages for the alleged breach of a contract made between the state of New York and the claimant in 1907 for the building and construction of a so-called good road in the county of Orange. The county of Orange is not one of the litigants before this court; but the claimant asks by motion that an order be made bringing in the said county before this court as one of the parties defendant. The motion is made under section 281 of the Code of Civil Procedure. This section provides:

"Jurisdiction and powers are also conferred upon the court of claims in its discretion, to order other parties * * * to be brought in and made parties to any action or proceeding pending in said court * * * in matters over which said Court of Claims have or shall have jurisdiction."

The jurisdiction of this court to order the bringing in of other parties is plainly limited by the provisions of this section in such "matters over which said Court of Claims have or shall have jurisdiction." Section 264, as amended in 1908, defines the jurisdiction of this court and may be summarized: That the Court of Claims has jurisdiction in all cases against the state wherein the sovereign power has consented to be sued. In this action the county of Orange does not sue the state. It makes no claim or demand against the state. It does not seek to enforce any liability against the state. But, on the contrary, the state may in the future attempt to enforce an alleged liability against Orange county. The counsel for the county of Orange asserts that the county will dispute any liability on its part to the state, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

also denies the county is responsible to the claimants for any part of the loss which they allege they have sustained.

The jurisdiction of this court, being limited to trials of actions and proceedings against the state, the "other parties" mentioned in section 281 of the Code, whom the court is empowered to bring in, must mean those parties who have an interest in a claim against the state, who are needful for the court to determine to whom the state is liable, or whose presence is necessary to adjust any award which the court may make against the sovereign power. The Court of Claims would have no jurisdiction over an action commenced by the claimant directly against the county of Orange, nor in an initiative action brought by the state against Orange county. Other forums are provided by the Constitution for hearing such actions. The claimant cannot accomplish by indirect methods what the law does not sanction by direct procedure.

The Court of Claims has no jurisdiction over the county of Orange, nor authority to adjudicate upon differences between the claimant and the county, nor in controversies between the state as complainant and the county, nor to determine the conflicting liabilities of several adverse litigants. But, assuming that this court should direct the county of Orange be made a party defendant, it would be without power to apportion the alleged liability between the state and the county for the claimed breach of the contract, or to hold the county responsible for any alleged act of it which caused damage to the claimant. It would have no power to enforce against the county of Orange any judgment it might render. The bringing in, therefore, of the county of Orange, would be without beneficial result, and an act of supererogation. The county of Orange would still be entitled to its day in court, before a constitutional tribunal, with jurisdiction over all litigants, competent to render its judgment and to enforce its mandate.

The motion should be denied.

Motion denied.