Bernard Ryan, P. J.
We have before us an application by a third party for an order permitting him to intervene herein as a party defendant. His apparent objective is the settlement of a controversy between himself and the above-named claimant in order that he, the applicant, may satisfy the *728 defendant State of New York that it may, without risk of further liability, pay to him a sum which he has agreed to accept in adjustment of a claim for the appropriation by the State of his lands. The claimant does not appear either to support or to oppose the motion. The Attorney-General does appear and does oppose.
The facts recited in the notice of intention, in the pleading, and in the affidavits presented upon this motion, all of which, for present purposes, must be accepted as true, are as follows: Charles Weisbecker formerly owned in fee certain real property situate in the village of Hillburn, Rockland County. From him the State of New York appropriated lands identified as parcel 818, map 818, New York State Thruway, Catskill Section, subdivision 7, by filing the map in the Department of State, October 2, 1953, and in the office of the Rockland County Clerk, June 14, 1954, and by serving the map and notice of appropriation on Weisbecker by mail at Box 42, Clearwater, Florida, in August, 1955. (These dates are recited in applicant’s affidavit. The claim pleads the date of appropriation as November 30, 1953.) Weisbecker entered into an agreement of adjustment, dated December 5, 1953, wherein and whereby he agreed to accept $5,500 for the lands appropriated. The agreement was negotiated by P. G. Baldwin, Director of Rights of Way and Claims of the State Department of Public Works.
Upon the lands appropriated from Weisbecker there were standing two signboards, one 50 x 10 feet and the other 16 x 12 feet, owned by the claimant herein and rented by it to an advertiser. The signs had been erected there pursuant to a lease from Weisbecker to the claimant dated May 7, 1949 for the term of three years commencing June 1, 1949 and terminating June 1, 1952. Claimant pleads that the lease was renewable for three years, terminating June 1, 1955, had been duly renewed and was in effect at the date of the appropriation. Weisbecker asserts, by means of his attorney’s affidavit, that the signs were there but that the lease had expired, that any renewal thereof was contingent on the payment to him of $40 a year rental in advance which was not paid when due and has never been paid. The moving affidavit states that as a condition of carrying out the agreement of adjustment the Attorney-General of the State of New York has required Weisbecker, among other things, to obtain a general release from Highway Displays, Inc., which he has been unable to do “ without payment to it of a sum greatly in excess of any damage suffered by said claimant for which the said Weisbecker can possibly be held liable ”. He further asserts that to the *729 extent that claimant recovers herein the State Thruway Authority may claim that it is entitled to deduct such sum so recovered from the $5,500 compensation agreed to be paid to Weisbecker. Hence, he asks to come into this court and defend the assertions of the claimant as to the validity of its alleged leasehold.
In the moving affidavits references to the Thruway Authority and to the State of New York are intermingled. Apparently Weisbecker’s land was appropriated by the State of New York pursuant to section 347 of the Highway Law and not pursuant to section 358 of the Public Authorities Law, for the Thruway Authority did not assume jurisdiction of the Thruway in the Catskill area until October 25, 1954 as appears by Eesolution 179 of the Thruway Board. Weisbecker has filed no claim in this court.
The claim of Highway Displays, Inc., was filed June 11, 1954 and was preceded by a notice of intention filed May 13, 1954. The claim alleges that the State not only appropriated land from Weisbecker but that it also appropriated parcels from the Eamapo Land Co. upon which parcels claimant also owned advertising. signs, placed there under leases. Eamapo Land Co. has not appeared herein. Claimant alleges that on or about February 5, 1954 the State of New York caused the electric power to claimant’s signs to be cut off and that on or about between March 1, 1954 and March 8, 1954, the State entered upon the leased premises and removed and destroyed all of said signs, to claimant’s damage. Claimant’s pleading sounds at least partly in tort. Whether in tort or for an appropriation this claim appears to have been filed in time. (Court of Claims Act, § 10.)
This court has no jurisdiction to implead Charles Weisbecker as a party defendant. (Town of Cortlandt v. State of New York, 51 N. Y. S. 2d 802 [1944]; Braun v. State of New York, 203 Misc. 563 [1952].) It does, however, have authority to interplead the owner of a leasehold interest with the owner of a freehold interest as a party claimant. (N. Y. Const., art. VI, § 23; Court of Claims Act, § 9, subd. 6.) Any award to the claimant Highway Displays, Inc., for the value of its leasehold interest must be apportioned out of the value of the unencumbered fee appropriated from Weisbecker. (Matter of City of New York [Washington St.], 272 App. Div. 826 [1947]; Matter of City of New York [Seventh Ave.], 196 App. Div. 451 [1921]; Matter of City of New York [Delancey St.], 120 App. Div. 700 [1907].) Weisbecker is entitled to compensation for the lands taken from him by eminent domain. His attempt *730 to procure it by an agreement of adjustment is at stalemate because the State agency charged with completing the agreement declines to do so, under advice of the Attorney-General, without the delivery to it of a release from Highway Displays, Inc., which Weisbecker is unable to obtain. In his predicament the condemnee of lands now in use by the Thruway has turned to this court for help. Inasmuch as he prays not only to intervene as a party defendant, which relief we cannot grant, but also “ for such other, further and different relief as to the Court may seem just ”, we direct that an order be entered interpleading him as a party claimant. Such order should contain a provision that a formal claim, duly verified, be filed with the clerk of this court and served upon the Attorney-General within 15 days of the entry of the order. The claim, with the new party joined, will retain its place on the calendar so that the rights of all parties may be determined with all convenient speed.