Sidney Squire, J.
Nestun Realty Corp., landlord of certain real property appropriated by the State in connection with the construction of the New England section of the New York State Thruway, moves in two claims pending in this court for an order permitting the movant’s intervention therein.
The motions are opposed by the two claimants, Bodnar Industries, Inc. (Claim No. 33756) and Sidney Antonowsky (Claim No. 33969). The Attorney-General appeared on the motions but took no position with respect thereto.
The movant owned certain real property consisting of stores, garage, loading platform, etc., in the city of New Rochelle, Westchester County, appropriated by the State for the aforesaid purpose. Title vested in the State on July 19 and 21, 1954 for fee and temporary easement appropriations with the alleged right by the State to demolish the improvements on the temporary easement parcel. The movant as owner in fee reached an accord with the State on the adjusted compensation to be paid to it for such takings. Subsequently Bodnar, a tenant, filed its claim herein for $50,000 as the owner of trade fixtures and Antonowsky, the second tenant, for $4,000 for other trade fixtures.
As part of the agreement between the State and the movant, the latter executed (on March 5,1956) and delivered to the State a certain “ Indemnification Agreement ” and “ Authorization ” (annexed and set forth at length as parts of the respective moving papers). The “ Authorization ” enables the State Department of Audit and Control to hold in escrow $58,000 out of the compensation payable to said movant, said amount to be retained “ as security against any claims that may be asserted in the Court of Claims by Bodnar Industries, Inc., and Sydney Antonowsky, who were in occupancy of such lands on the date of the appropriation thereof.” It was further provided that said sum was to be applied in payment of any judgments of this court to said tenants and that if general releases were received “ effectively disposing of such possible claims said sum is to be returned to the claimant, without interest.” Also that if claims *848 were filed by Bodnar and/or Antonowsky, written notice was to be given to the landlord so that it “ may appear in such proceedings by attorney for the purpose of defending against any such claims and procuring and producing expert witnesses or such other proofs as* * * (it) may deem necessary for the defense against any such claims, and against which claims Nestun Realty Corp. does agree to defend.”
In the ‘1 Indemnification Agreement ’ ’ the landlord undertook ‘ ‘ to indemnify and save harmless the People of the State of New York against any and all claims for damages that may be asserted by, through, or on behalf of such lessees or occupants by reason of the terms of any lease or by reason of fixture claims in connection therewith.”
It is undisputed that the Statute of Limitations applicable to the taking at bar was two years, that said period of time has expired and that the movant (then represented by other counsel) never filed any claim within said time. The claimants-tenants assert (in addition to other opposition) that said Statute of Limitations compels a denial of the instant motions. However, the movant, as part of its motion papers, submitted proposed pleadings in both cases wherein it referred to itself as “ Intervenor ” and carefully labeled such pleadings as being “ in answer to the claim of claimant ”.
Eminent counsel on both sides, experienced in the law of condemnation, orally argued the legal questions sub judiee and submitted excellent briefs. This court prefers to follow the law as laid down and expounded by Presiding Judge Ryan in Highway Displays v. State of New York (3 Misc. 2d 727) where a somewhat similar application was recently granted.
It is of interest to note that in section 193-b of the Civil Practice Act relating to intervention, subdivision 1 is mandatory (“shall”) whereas subdivision 2 is permissive (“may”). Although the afore-recited “Indemnification Agreement” and “ Authorization ” are not binding upon either of the tenants-claimants, the movant is bound thereby and will be bound by the judgments in these two claims. Granting this intervention will not ‘6 unduly delay or prejudice the adjudication of the rights of the original parties ” (Civ. Prac Act, § 193-b, subd. 2). On the contrary, further and extended controversy can be obviated and all issues as to the respective interests in real property as well as the withheld $58,000, can be completely determined and concluded at one time. The opposing brief fairly and frankly concedes that there is at least one “question of fact ”. *849 Attention might also be directed to the Per Curiam opinion of the Appellate Division, Third Department, in Mill-Rock Constr. Corp. v. State of New York (260 App. Div. 964) which in affirming a judgment of this court, wrote as to a former section of the Court of Claims Act: “During the trial on motion of the counsel for the Mill-Rock Construction Corporation the Industries Development Corporation was added nunc pro tunc as a party. This was done under section 20 of the former Court of Claims Act which gave the judge authority to do just this. No new claim was filed but the Industries Development Corporation was brought in so that all matters might be settled at once.”
The Appellate Division of the Fourth Department, in a unanimous reversal, Ehde v. State of New York (260 App. Div. 511, 513) held: “ Thus we see that the prosecution of a claim in the Court of Claims is in effect the prosecution of an action in the Supreme Court.” More recently, Major, J., of this court wrote to the same effect in Queensboro Farm Prods, v. State of New York (Claim No. 32788, dated Sept. 17, 1956).
The two cases should be tried at the same time. In the interest of justice, to quiet all conflicts as to the withheld $58,000, to give everyone claiming all or part thereof a legal status during a single trial and to attain an orderly trial, these two motions are granted. Each order hereon should contain appropriate provisions that the movant’s verified pleading be filed with the clerk of this court and served upon the AttorneyGreneral within 15 days of the entry of the order. Settle orders on notice.