Russell G. Hunt, J.
This claim is by a tenant to recover “ compensation for the taking of certain trade fixtures and various installations and equipment” located in adjoining premises which were appropriated by the State for the purpose of the State Thruway system (Highway Law, art. XII-A). The premises were owned by two separate and distinct landlords and the claimant conducted a manufacturing business therein.
The first 33 items described in paragraph 8 of the claim were located in premises owned by G. H. Blume, Inc. The remaining 131 items were located in premises owned by Nestun Realty Corporation. Certain of these items were withdrawn upon the trial. The claimant has proceeded upon the theory that the items were personalty and could have been removed by it without material injury to the realty, but, were left behind when it vacated the premises because the removal of the items could not have been accomplished without material injury to them, or, after removal, they would have had no value, hence, an appropriation for which the State should pay.
The State appropriated the Blume premises pursuant to maps and descriptions filed in the Westchester County Register’s Office on December 6, 1954, and title thereupon vested in State (Highway Law, § 347, subd. 5-a); personal property, as such, was not described therein (Highway Law, § 347, subd. 3). A notice to quit the premises was served on behalf of the State on the claimant on March 18, 1955, as to a part of the Blume premises occupied by it. It appears that Blume’s claim for a *722 fee taking against tlie State was disposed of by an agreement of adjustment (Highway Law, § 347, subd. 11-a et seq.) without reference to the tenant Bodnar, claimant herein, and when the latter’s claim was filed the State did not interplead the owner (Court of Claims Act, § 9, subd. 6; § 14) although the value of a tenant’s interest should be apportioned out of the entire compensation to be allowed for the entire estate taken (Highway Displays v. State of New York, 3 Misc 2d 727; Marfil Properties v. State of New York, 9 Misc 2d 878; Antonowsky v. State of New York, 5 Misc 2d 846). The claim does not include a demand for the value of any leasehold the claimant had with Blume, and, the lease or its terms are not a part of the record herein.
The Nestnn premises were taken pursuant to maps and descriptions filed in the Westchester County Register’s Office on July 19,1954, and July 21,1954; these were the vesting dates. Personal property, as such, was not described as having been taken. The notice to quit that was served on the claimant on March 18, 1955, required it to vacate the Nestun properties, also. It appears that Nestun’s claim for the fee taking was disposed of by an agreement of adjustment with the State, but, here, the latter withheld a part of the amount therein agreed upon, pending disposition of the tenant’s claim. Nestun then applied to this court, upon notice to the claimant and the State, to be brought into the case. It resisted any apportionment of the amount payable to it by the State. The application was granted, an order was entered (Antonowsky v. State of New York, supra) and, being unreversed, is the law of the case (Schumann v. Loew’s, Inc., 144 N. Y. S. 2d 27; 1 Carmody-Wait, New York Practice, pp. 54-55). Under the lease between Nestun and- the claimant, in evidence herein, the tenant may not make claim for the value of the leasehold, for the lease contains a termination provision upon the taking of the premises pursuant to the exercise of the power of eminent domain, and, in addition, a provision for the nonapportionment of an award (Marfil Properties v. State of New York, supra). Claim is not made for the value of the tenant’s improvements, alterations and additions to the realty because the lease provides that upon its termination, such were to become the landlord’s (Matter of City of New York [Triborough Bridge], 249 App. Div. 579, affd. 274 N. Y. 581). The tenant had the right, under the lease, to remove only “personal property not permanently affixed to the building ’ ’ and it did remove certain of its personal property, but, left behind certain other removables. As to these, *723 the lease provides that such property would he deemed abandoned, and, thereupon, belong to the fee owner. In its brief, claimant argues, nevertheless, that since the removables were personalty, it had the title thereto and it would have removed the same but for the damage that would have been done thereto in the process of removal, or, but for the little economic value remaining after removal, and, since this was brought to pass by reason of the appropriation it has thus been deprived of its property — a sort of taking ■ — and is entitled to compensation from the State.
The argument that the dismantling (without material injury to the realty) of removables in order to remove them would have resulted in material damage thereto, or, the mere fact of the removal would have destroyed their value thereafter, and, therefore, an appropriation by the State was effected, is not supported by any statute or case cited by counsel. The contrary is law. The statute (Highway Law, § 347) provides for a description and map of all property to be taken and it is only such property to which the State obtains title. The items described in the claim herein were not described in the descriptions or maps. It is recognized that there may be a de facto appropriation (Queensboro Farm Prods, v. State of New York, 6 Misc 2d 445, affd. 5 A D 2d 967), but, there is no evidence in this case of an actual appropriation of the articles by the State or of any intention to do so — at the most, the evidence is simply that the claimant left the items behind and there is no evidence that they were utilized by the State for Thruway system purposes (American Woolen Co. v. State of New York, 195 App. Div 698). The case law, too, is against the claimant. In Matter of City of New York (192 N. Y. 295) it was said that claimant’s contention was not recognized in this State and that many removables were ‘ ‘ necessarily more or less injured in process of removal ” (p. 302) without the owner being entitled to compensation therefor; and, the expense of removal to another location cannot be recovered (Matter of New York Cent. & Hudson Riv. R. R. Co., 35 Hun 306; Matter of New York, West Shore & Buffalo Ry. Co., 35 Hun 633). In Keller v. State of New York (7 MisC 2d 925, 927) an award was denied “ for the expense of dismantling and removing * # * built-in fixtures. No allowance for depreciation of removable trade fixtures nor for the expense of removing and storing them is made.”
As to the items in the Blume premises, claimant’s brief takes the same position that they were all removables and belonged to claimant, but, in the process of removal they would have been *724 materially damaged, or, after removal, they would have had no value, and, it is argued, also, that this, in effect, was a taking for which the State should pay compensation. This is the same as the argument that was advanced with respect to the items in the Nestun premises and the same ruling there made is applicable here, and, is adhered to. The items left behind by the claimant upon its removal must be deemed to have been abandoned.
Like the items in the Nestun premises, the claimant does not contend that the items in the Blume premises were fixtures annexed to the realty and enhanced the value thereof within the rule of Matter of City of New York (Allen St.) (256 N. Y. 236) entitling a tenant to a part of the award to the owner. In such case, the value the State would be required to pay would be the fair market value thereof at the time of taking (Matter of Board of Water Supply of City of N. Y., 277 N. Y. 452; Marfil Properties v. State of New York, 9 Misc 2d 878, supra; 4 Nichols, Eminent Domain [3d ed.], § 12.2) and the tenant’s compensation would be limited to the extent to which his improvements enhanced that value. There was no evidence respecting the fair market value of the premises taken by the State. There was evidence concerning estimated reproduction cost of the several items alone, less visible depreciation. This, however, was simply one element entering into a determination of fair market value and while it is for consideration (Matter of City of New York, 198 N. Y. 84) it is not sufficient or decisive (Matter of Board of Water Supply of City of N. Y., 277 N. Y. 452, supra). Depreciated reproduction cost may not be substituted for fair market value (Matter of City of New York [Newtown Creek), 284 N. Y. 493; Knoxville v. Water Co., 212 U. S. 1; Iowa-Illinois Gas & Elec. Co. v. City of Fort Dodge, 248 Iowa 1201).
The claim is dismissed.
Let judgment be entered accordingly.