■ DENNIS BURLINGAME, Claimant, v STATE OF NEW YORK, Appellant-Respondent. CITY OF SYRACUSE, Respondent-Appellant. (Claim No. 110095.) [839 NYS2d 889]—

Appeal and cross appeal from an order of the Court of Claims (Diane L. Fitzpatrick, J.), entered March 7, 2006 in a personal injury action. The order granted that part of the motion of the City of Syracuse for permission to file a late claim and denied that part of the motion for permission to intervene in the action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in its entirety and as modified the order is affirmed without costs.

Memorandum: Claimant, a police officer for the City of Syracuse (City), was injured in an automobile accident during the course of his employment with the City. He commenced this action against defendant, alleging that the SUNY Upstate Medical Center was negligent in treating his injuries. The Court of Claims properly granted that part of the City's motion for

permission to file a late claim against defendant pursuant to Court of Claims Act § 10 (6). The record establishes that the court weighed the appropriate factors and properly determined that the claim was meritorious, that defendant had notice of the essential facts constituting the claim and an opportunity to investigate, and that defendant was not substantially prejudiced by the delay (see id.). It thus cannot be said that the court abused its discretion in permitting the City to file a late claim (see Lachica v State of New York, 101 AD2d 881 [1984]). We reject the contention of defendant that its rights are "thwarted" based upon the collateral source rule set forth in CPLR 4545. General Municipal Law § 207-c (6) creates a cause of action for municipalities for reimbursement of "sums actually paid as salary or wages and medical treatment and hospital care as against any third party against whom the policeman shall have a cause of action for the injury sustained," and CPLR 4545 does not bar such a cause of action.

We further conclude, however, that the court abused its discretion in denying that part of the motion of the City for permission to intervene in claimant's action pursuant to CPLR 1013 in order to protect its interests. We therefore modify the order accordingly. The factors to consider in determining whether to grant permission to intervene are "grounded in general concepts of judicial efficiency and fairness to the original litigants, [and] are more likely to be outweighed, and intervention therefore warranted, when the intervenor has a direct and substantial interest in the outcome of the proceeding" (Matter of Pier v Board of Assessment Review of Town of Niskayuna, 209 AD2d 788, 789 [1994]). Here, the direct and substantial interest of the City is obvious, and we thus conclude that intervention is warranted. Present—Scudder, P.J., Centra, Lunn, Fahey and Peradotto, JJ.