[890 NYS2d 301]

JAMES BUCKLEY, Individually and as Attorney-in-Fact for KRE-
SANDRA ROSE BUCKLEY, et al., Claimants, v STATE OF NEW
YORK et al., Defendants. (Claim No. 116384.)

Court of Claims, October 5, 2009

APPEARANCES OF COUNSEL

*Andrew M. Cuomo, Attorney General (G. Lawrence Dillon* of counsel), for defendants. *The Rothschild Law Firm, P.C. (Martin J. Rothschild* of counsel), for claimants.

## OPINION OF THE COURT

NORMAN I. SIEGEL, J.

Defendant* moves to strike the note of issue in this personal injury negligence claim. It is alleged that claimant was injured while diving into a swimming pool at the SUNY Potsdam campus in January 2009. The defendant was served with the claim on February 5, 2009 and the exchange of pleadings and discovery ensued; thereafter, on June 26, 2009 the note of issue was filed and this motion ensued.

Defense counsel's affirmation states that

"[t]he employees' [*sic*] status of the lifeguards was discovered in early June 2009. They were employees of the Student Government Association that has insurance coverage with SUNY Potsdam. The State Defendant upon learning of this insurance coverage, sought to have the carrier indemnify and defend the State in the action. On July 10, 2009 the carrier disclaimed coverage and represented to the undersigned's investigator in Watertown that they would not defend nor indemnify the State.

"Accordingly, a motion will be brought pursuant to CPLR § 3001 and Article [*sic*] 9 of the Court of Claims Act to see [*sic*] a declaratory judgment against the carrier for bad faith refusal to defend and indemnify the State."

Counsel goes on to state that "this case cannot proceed since necessary parties, to wit, the lifeguards, have not been joined in the action," and further that these additional parties will be entitled to conduct their own discovery. Counsel argues that the

---

* While the caption names the State of New York and SUNY Potsdam as defendants, the only proper party would be the State of New York since SUNY Potsdam is a "department" within the State. For purposes of this motion, the only true defendant is the State of New York.

State will be prejudiced if the matter proceeds to trial without the involvement of the carrier.

Claimants oppose the motion to strike the note of issue, and assert that the facts, including excerpts from deposition transcripts, support the conclusion that lifeguards were "hired, trained, monitored, supervised and controlled" by the defendant and that the Student Government Association was merely a "payment agent" for the State.

Claimants' counsel asserts that in any event, there would never be additional parties in this matter, as the State is the only proper defendant in the Court of Claims. And further, if the State were to commence a declaratory judgment action, the issue would be coverage only. Claimants' counsel also states, and it is not disputed by the defendant, that the insurance carrier for the Student Government Association retained counsel, and while the carrier has denied coverage, its counsel attended the depositions of the lifeguards.

Claimants' position is that all disclosure is complete, that claimants' day in court should not be delayed, and that the carrier issue has no impact upon the liability phase of the trial (which presumably would be bifurcated).

Uniform Rules for Trial Courts (22 NYCRR) § 206.12 (d) provides, in relevant part:

> "Within 20 days after service of a note of issue and certificate of readiness, any party to the action may move to strike the note of issue, upon affidavit showing in what respects the action is not ready for trial, and the court may strike the note of issue if it appears that a material fact in the certificate of readiness is incorrect."

The section of the rules sets forth the only basis upon which the court shall strike the note of issue. In this case, there is no showing that a material fact in the certificate of readiness is incorrect, nor is there a showing that the case, insofar as the named defendant is concerned, is not ready for trial. Rather, it is defendant's contention that there are "necessary parties" who've not yet been joined and that there is a coverage dispute.

The lifeguards are not "necessary parties" to this action or claim. To the contrary, New York State laws and Constitution prohibit these individuals, or the Student Government Association, from being joined as either codefendants or third-party defendants.

While Court of Claims Act § 9 (6) allows the court to "order the interpleader of other parties known or unknown whenever

necessary for a complete determination of the claim or counterclaim,"

> "[s]ubdivision 6 does not authorize the State to *implead* or bring in a third party against whom it may assert a claim over. The remedies of impleader and interpleader are different. Interpleader is the procedure by which one who may be exposed to multiple liability may require adverse claimants to litigate their claims in one action or proceeding. (Civ. Prac. Act, § 285.) In the practice of impleader there are no adverse claims *against* the one under an alleged obligation. Impleader is the means by which the primary liability of the original defendant and the alleged 'liability over' of a third party may be settled in one action. (Civ. Prac. Act, § 193-a.)
>
> "It thus appears that the Constitution and the statutes authorize the Court of Claims to hear and determine claims against the State, counterclaims by the State against a claimant, and to bring in an additional party whose position will be that of a co-claimant against the State, and to hear and determine any claim he may assert against the State. However, the impleader of a third party—who has no claim against the State—for the purpose of allowing the State to assert a claim against such third party, is not authorized . . . Any attempt to subject persons not properly before it to the jurisdiction of the Court of Claims would be unconstitutional. (*Elmore & Hamilton Contr. Co. v. State of New York*, 62 Misc 58, affd. 133 App. Div. 935, appeal dismissed 196 N. Y. 531; *Moroney v. State of New York*, 67 Misc 58)" (*Horoch v State of New York*, 286 App Div 303, 305-306 [3d Dept 1955]).

As for the coverage dispute, that is properly the subject of a declaratory judgment action in Supreme Court, not the Court of Claims (CPLR 3001), and in any event, there is nothing before this court to indicate that such an action has even been commenced. To strike the note of issue and hold this claim in abeyance indefinitely based upon the possibility that a declaratory judgment action might commence at some future time, would be highly prejudicial to the claimants and patently unjust.

Lastly, the only incomplete discovery alleged by defendant is that which would be conducted by counsel for proposed necessary parties, who as noted above, are not properly subject to the

jurisdiction of the Court of Claims, or hypothetical discovery which might be desired by counsel for an insurance carrier, in the event that a carrier's counsel is substituted for the Attorney General as counsel for the defendant, should the State be successful in a future yet-to-be-commenced declaratory judgment action. As the Appellate Division, Third Department, has noted, "[t]o vacate the note of issue, discovery requests must be legitimate and pending" (*Ireland v GEICO Corp.*, 2 AD3d 917, 918 [2003], citing *Tilden Fin. Corp. v Muffoletto*, 161 AD2d 583 [1990]). Here, there are no such discovery requests.

Accordingly, defendant's motion to strike the note of issue is denied.