ERIE BOULEVARD HYDROPOWER, LP, Respondent, v STATE OF NEW YORK et al., Defendants. MOHAWK VALLEY WATER AUTHORITY, Proposed Intervenor-Appellant. [935 NYS2d 349]—

Lahtinen, J. 

This claim and an action currently pending in Supreme Court, Oneida County, revolve around disputes about water rights involving West Canada Creek and Hinckley Reservoir as well as agreements implicating such rights entered into in 1917 and 1921. Claimant operates hydroelectric power production facilities that use water released from Hinckley Reservoir, which is fed by West Canada Creek. The reservoir is owned by defendant State of New York and operated by defendant New York State Canal Corporation, a subsidiary of defendant New York State Thruway Authority (*see* Public Authorities Law § 382 [1]). Claimant's predecessor in interest and the State entered into an agreement in 1921 addressing minimum amounts of water to be released from the reservoir for claimant's use in producing hydroelectric power. Mohawk Valley Water Authority (hereinafter MVWA) is a public authority (*see* Public Authorities Law § 1226-bb) that uses water from the reservoir to provide drink-

ing water to various communities, and it is involved in litigation regarding a 1917 agreement between its predecessor in interest and the State about the amount of water to which MVWA is entitled (*see Mohawk Val. Water Auth. v State of New York*, 78 AD3d 1513, 1514 [2010], *lv denied* 17 NY3d 702 [2011]). In October 2009, claimant commenced this claim for money damages alleging that defendants breached the 1921 agreement between it and the State by reducing water flow below the minimum level permitted by such agreement for one month in 2007. In May 2010, MVWA moved to intervene as a defendant, which the Court of Claims denied. MVWA appeals.

Although we agree with the Court of Claims' decision denying intervention under the pertinent statutory provisions (*see* CPLR 1012, 1013), we also note a threshold jurisdictional issue. The State asserted a jurisdictional issue before the Court of Claims and, while the State has not taken a position on appeal, subject matter jurisdiction is nonwaivable and may be considered sua sponte (*see Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 718 [1997]; *Matter of State of New York v Daniel OO.*, 88 AD3d 212, 217-218 [2011]; *Signature Health Ctr., LLC v State of New York*, 42 AD3d 678, 679 [2007]). Significant in such regard, MVWA seeks to intervene as a defendant, including its proposed answer with its motion. However, the jurisdiction of the Court of Claims is limited to claims against the State or where the State is the real party in interest (*see Morell v Balasubramanian*, 70 NY2d 297, 300 [1987]; Court of Claims Act § 9), as well as to claims against a few other state-related entities as provided by statute (*see e.g.* Public Authorities Law § 361-b [Thruway Authority]; Education Law § 6224 [4] [City University of New York]; *see generally Plath v New York State Olympic Regional Dev. Auth.*, 304 AD2d 885, 886-887 [2003]). The statutes pertinent to MVWA (*see* Public Authorities Law, art 5, tit 10) do not place claims against it in the Court of Claims and, in fact, incorporate notice provisions of the General Municipal Law (*see* Public Authorities Law § 1226-s). In the absence of language specifically placing jurisdiction in the Court of Claims, those notice provisions "evince[ ] the legislative intent to place jurisdiction in a court of general jurisdiction, not the Court of Claims" (*Prime Energy Solutions, Inc. v State of New York*, 20 Misc 3d 750, 754 [2008]; *see Hampton v State of New York*, 168 Misc 2d 1036, 1037 [1995]). Although intervention as an additional claimant is permissible in the Court of Claims (*see Burlingame v State of New York*, 42 AD3d 923, 924 [2007]), MVWA cannot use intervention to create subject matter jurisdiction over it as a defendant in the Court of Claims (*compare Horoch v State of New York*, 286 App Div 303, 306 [1955]; *Buckley v State of New*

*York*, 26 Misc 3d 660, 663 [2009]; *Highway Displays v State of New York*, 3 Misc 2d 727, 729 [1956]).

Rose, J.P., Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.