In an action, inter alia, to recover damages for breach of contract and wrongful termination of employment, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Agate, J.), dated August 1, 2012, as granted those branches of the defendants’ motion which were pursuant to CPLR 3211 (a) to dismiss the causes of action alleging breach of contract, wrongful termination of employment, defamation, intentional infliction of emotional distress, discrimination in employment in violation of Administrative Code of the City of New York § 8-107 (7), and promissory estoppel insofar as asserted against the defendant Ovadia Abulafia.
Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) to dismiss the cause of action alleging defamation insofar as asserted against the defendant Ovadia Abulafia, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the respondents.
The plaintiff, who is an obstetrician and gynecologist formerly employed by the defendant SUNY Downstate Medical Center (hereinafter SUNY Downstate), commenced this action, inter alia, to recover damages for breach of contract, wrongful termination of employment, defamation, intentional infliction of emotional distress, discrimination in employment in violation of Administrative Code of the City of New York § 8-107 (7), and promissory estoppel. She alleged that SUNY Downstate and the defendant Ovadia Abulafia, who was the chairperson of SUNY Downstate’s Department of Obstetrics and Gynecology (hereinafter the Department), breached the terms of her employment agreement and SUNY Downstate’s written policies when they terminated her fellowship and constructively terminated her employment in retaliation for her written complaint to Abulafia about excessive duty hours. The plaintiff also alleged that the *663 defendants breached certain promises made to induce her to accept the fellowship position, and that her employment and fellowship were wrongfully terminated by the defendants in violation of their agreement to adhere to pertinent statutes, rules, regulations, and policies concerning duty hours and retaliation. Further, the complaint alleged, among other things, that Abulafia made defamatory statements to prospective employers regarding the plaintiffs professional conduct, and that the “defendants’ aforesaid wrongful conduct” was extreme and outrageous, causing the plaintiff to suffer significant emotional distress.
The defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint on the grounds of lack of subject matter jurisdiction (see CPLR 3211 [a] [2]) and failure to state a cause of action (see CPLR 3211 [a] [7]). The Supreme Court, among other things, granted those branches of the motion which were to dismiss the causes of action to recover damages for breach of contract, wrongful termination of employment, promissory estoppel, defamation, and intentional infliction of emotional distress insofar as asserted against Abulafia, concluding that it lacked subject matter jurisdiction over those causes of action. The plaintiff appeals.
“The Court of Claims has limited jurisdiction to hear actions against the State itself, or actions naming State agencies or officials as defendants, where the action is, in reality, one against the State—i.e., where the State is the real party in interest” (Morell v Balasubramanian, 70 NY2d 297, 300 [1987]; see Starker v Trump Vil. Section 4, Inc., 104 AD3d 937, 937-938 [2013]). Generally, “[t]he Court of Claims has exclusive jurisdiction over actions for money damages against State agencies, departments, and employees acting in their official capacity in the exercise of governmental functions” (Dinerman v NYS Lottery, 58 AD3d 669, 669 [2009]; see Court of Claims Act § 9 [2]; Morell v Balasubramanian, 70 NY2d at 300; Matter of Peterson v New York City Dept. of Envtl. Protection, 66 AD3d 1027, 1028-1029 [2009]). “Where, however, the suit against the State agent or officer is in tort for damages arising from the breach of a duty owed individually by such agent or officer directly to the injured party, the State is not the real party in interest—even though it could be held secondarily liable for the tortious acts under respondeat superior” (Morell v Balasubramanian, 70 NY2d at 301).
Contrary to the plaintiff’s contention, the Supreme Court properly granted those branches of the defendants’ motion which were to dismiss the causes of action to recover damages *664 for breach of contract, wrongful termination of employment, and promissory estoppel insofar as asserted against Abulafia, correctly concluding that it lacked subject matter jurisdiction to entertain those cases of action insofar as asserted against Abulafia, as those causes of action arose from acts performed, and determinations made, by Abulafia as a State employee acting in his official capacity (see Morell v Balasubramanian, 70 NY2d at 300-301; Cavanaugh v Doherty, 243 AD2d 92, 98-99 [1998]). In connection with the causes of action alleging defamation and intentional infliction of emotional distress, however, the complaint sufficiently alleged the breach of duties owed directly to the plaintiff by Abulafia in his personal capacity (see Morell v Balasubramanian, 70 NY2d at 301-302; Cavanaugh v Doherty, 243 AD2d at 101). Thus, the Supreme Court had subject matter jurisdiction to entertain those causes of action insofar as asserted against Abulafia.
In light of its holding that the cause of action alleging intentional infliction of emotional distress was subject to dismissal for lack of subject matter jurisdiction, the Supreme Court did not address the argument, now urged by Abulafia as an alternative ground for affirmance, that the complaint fails to state a cause of action against Abulafia to recover damages for intentional infliction of emotional distress (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545 [1983]; Milewski v Washington Mut., Inc., 88 AD3d 853, 855 [2011]). Since that issue was argued before the Supreme Court and has been briefed by the parties before us, we address it, and conclude that the cause of action to recover damages for intentional infliction of emotional distress should have been dismissed pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.
“In order to state a cause of action to recover damages for intentional infliction of emotional distress, the complaint must allege conduct that was ‘so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency . . . and [was] utterly intolerable in a civilized community’ ” (Baumann v Hanover Community Bank, 100 AD3d 814, 816-817 [2012], quoting Marmelstein v Kehillat New Hempstead: The Rav Aron Jofen Community Synagogue, 11 NY3d 15, 22-23 [2008]; see Howell v New York Post Co., 81 NY2d 115, 121 [1993]; Murphy v American Home Prods. Corp., 58 NY2d 293, 303 [1983]). Even accepting as true the allegations in the complaint regarding Abulafia’s conduct, and according the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87 [1994]; Baumann v Hanover Community Bank, 100 AD3d at 815), Abulafia’s conduct was *665 not “so outrageous in character, and so extreme in degree” as to qualify as intentional infliction of emotional distress (see Murphy v American Home Prods. Corp., 58 NY2d at 303; Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 711 [2012]).
Accordingly, the Supreme Court properly granted that branch of the defendants’ motion which was to dismiss the cause of action alleging intentional infliction of emotional distress insofar as asserted against Abulafia, but should have denied that branch of the motion which was to dismiss the defamation cause of action insofar as asserted against Abulafia.
The parties’ remaining contentions either need not be addressed in light of our determination or are without merit.
Mastro, J.E, Chambers, Lott and Duffy, JJ., concur.