In a claim, inter alia, to recover damages for housing discrimination, the claimant appeals from an order of the Court of Claims (Soto, J.), dated September 12, 2016, which granted the motion of nonparty State of New York to dismiss the claim for lack of subject matter jurisdiction.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 “The Court of Claims has limited jurisdiction to hear actions against the State itself, or actions naming State agencies or officials as defendants, where the action is, in reality, one against the State—i.e., where the State is the real party in interest” (Morell v Balasubramanian, 70 NY2d 297, 300 [1987]; Borawski v Abulafia, 117 AD3d 662, 663 [2014]; Starker v Trump Vil. Section 4, Inc., 104 AD3d 937, 937-938 [2013]), as well as claims against a few other State-related entities as provided by statute (see Erie Blvd. Hydropower, LP v State of New York, 90 AD3d 1292, 1293 [2011]; Public Authorities Law § 361-b; Education Law § 6224 [4]; see also Plath v New York State Olympic Regional Dev. Auth., 304 AD2d 885, 886-887 [2003]). Here, since the defendant is neither a State actor nor one of the State-related entities that may be sued in the Court of Claims, the Court of Claims properly directed dismissal of the claim for lack of subject matter jurisdiction.
 

 In light of our determination, we need not reach the parties’ remaining contentions.
 

 Rivera, J.P., Roman, LaSalle and Bar-ros, JJ., concur.