Carducci v Purchase Coll. (2025 NY Slip Op 50177(U))

[*1]

Carducci v Purchase Coll.

2025 NY Slip Op 50177(U)

Decided on January 23, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 23, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELENA GOLDBERG-VELAZQUEZ, J.P., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2024-123 W C

Antonio Carducci, Appellant,
against
Purchase College, Respondent. 

Antonio Carducci, appellant pro se.
Assistant Solicitor General (Joshua N. Cohen of counsel), for respondent.

Appeal from an order of the Justice Court of the Town of Harrison, Westchester County (Pasquale G. Gizzo, J.), entered September 21, 2022. The order granted defendant's motion to dismiss the action, pursuant to CPLR 3211 (a) (2), without prejudice.

ORDERED that the order is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $1,400 for damage to his automobile that was allegedly caused by defendant. Defendant moved to dismiss the action pursuant to CPLR 3211 (a) (2), alleging that, because the action was against a subdivision of an agency of New York State, the Justice Court of the Town of Harrison lacked subject matter jurisdiction. At a hearing, plaintiff testified that a car, which was owned by defendant Purchase College and driven by defendant's employee during the course of her employment, had collided with his parked car, causing damage. Following the hearing, the court granted defendant's motion and dismissed the action without prejudice. On appeal, plaintiff argues that the Justice Court had jurisdiction to hear this small claims action.
In a small claims action, our review is limited to a determination of whether "substantial [*2]justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
New York State and its agencies have sovereign immunity from liability except insofar as it is waived (see Lichtenstein v State of New York, 93 NY2d 911, 913 [1999]; Dreger v New York State Thruway Auth., 81 NY2d 721, 724 [1992]). The state's immunity from liability is waived in, among other things, actions sounding in tort, provided that the action is brought in the Court of Claims, which has exclusive jurisdiction over such claims (see Court of Claims Act §§ 8, 9 [2]; see also Morell v Balasubramanian, 70 NY2d 297, 300 [1987]; Matter of Ruotolo v State of New York Div. of Hous. & Community Renewal, 211 AD3d 955, 957 [2022]; Borawski v Abulafia, 117 AD3d 662, 663 [2014]). 
Defendant is a state college and is a subdivision of the State University of New York (see Education Law § 352). At the hearing, plaintiff asserted that his automobile had been damaged by defendant's employee, who had been acting in her official capacity at the time. As the State of New York is the real party in interest in this matter (see Colombo v Schwartz, 15 AD3d 522, 523 [2005]; cf. Borawski v Abulafia, 117 AD3d at 663), exclusive jurisdiction is vested in the Court of Claims. Consequently, the dismissal of the action without prejudice rendered substantial justice between the parties (see UJCA 1804, 1807).
Accordingly, the order is affirmed.
GOLDBERG-VELAZQUEZ, J.P., DRISCOLL and WALSH, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 23, 2025