Matter of Tripodi v New York State Dept. of Corr. & Community Supervision (2025 NY Slip Op 25057)

[*1]

Matter of Tripodi v New York State Dept. of Corr. & Community Supervision

2025 NY Slip Op 25057

Decided on March 10, 2025

County Court, Monroe County

Morrison, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 10, 2025
County Court, Monroe County

In the Matter of Nathan Tripodi, Petitioner,

against
New York State Department of Corrections and Community Supervision 
 and Board of Parole et al., Respondents.

Index No. MZ 02704-23/RO

Julie Cianca, Monroe County Public Defender, Rochester (Alexander Prieto of counsel), for appellant.
Jason Golub, Deputy Commissioner and Counsel to the Board of Parole, Albany (Karyn J. Yaffee of counsel), for respondent.

Caroline E. Morrison, J.

Petitioner releasee filed an affidavit of continued eligibility for poor person relief and assignment of counsel on appeal application pursuant to Criminal Procedure Law § 380.55 seeking to appeal from an Executive Law 4-a appeal decision rendered in Rochester City Court (Dixon, J.).
The parties were asked to brief and argue the legal issue of whether this Court has jurisdiction to provide the relief requested (see generally Erie Blvd. Hydropower, LP v State of New York, 90 AD3d 1292, 1293 [3d Dept 2011] [a court may sua sponte examine subject matter jurisdiction]). Unlike Matter of Olivos v Quiroz (226 AD3d 1028, 1029 [2d Dept 2024]), cited by petitioner, here the facts are not in dispute. Petitioner had a parole hearing before an administrative law judge pursuant to Executive Law § 259-i. Petitioner then unsuccessfully appealed to Rochester City Court pursuant to Executive Law § 259-i (4-a). Petitioner now seeks to prepare another appeal before this Court.
Petitioner contends that this Court has appellate jurisdiction over this matter pursuant to Uniform City Court Act § 1702 (a) (1). Specifically, petitioner contends the appeal held before City Court pursuant to Executive Law § 259-i (4-a) (a), was akin to a trial de novo. Respondent DOCCS contends that petitioner exhausted his right to the 4-a appeal in City Court.
This Court lacks jurisdiction over a second-tier appeal from a 4-a appeal and thus lacks the authority to continue the assignment for appeal and grant the relief sought.
Applicable Law
The Less Is More: Community Supervision Revocation Reform Act was enacted on September 17, 2021, and became effective March 1, 2022 (see L 2021, ch 427, § 10; see S1144A/A5576A). The Less is More Act provided for a series of reforms to parole. Included in those reforms was the addition of Executive Law § 259-i (4-a), which created an expedited path for the appeal of parole violation determinations involving non-technical violations. Non-technical violations are defined as the commission of a new felony or misdemeanor offense (Executive Law § 259 [7]).
Before the addition of this provision, a petitioner's only avenue to challenge the outcome of a parole hearing was to appeal to the board of parole. Once that administrative appeal was exhausted, a petitioner could then file an Article 78 petition in accord with CPLR 7804 (b). While this provision is still available, the Less is More Act added the option of an expedited judicial 4-a appeal for non-technical violations.
The plain language of the statute provides for one direct appeal as of right when a petitioner opts for a 4-a appeal. The statute is silent as to a second-tier appeal:
Notwithstanding the provisions of any other law, when in a violation proceeding brought pursuant to this section, any of the charges sustained by the hearing officer would constitute a misdemeanor or felony if such charge were or had been brought in a criminal court, the petitioner may, in lieu of an administrative appeal to the board pursuant to subdivision four of this section, appeal such determination to the lowest level of the following courts serving the jurisdiction in which the hearing was held or in which any such sustained conduct was alleged to have occurred: city court, district court, county court or supreme court; provided, however, that if any such misdemeanor or felony charge was prosecuted in any city, district, county or supreme court, such appeal shall be filed in that court (Executive Law § 259-i [4-a] [a]).
It is well-settled that in interpreting a statute, "[t]he primary consideration of the courts in the construction of statutes is to ascertain and give effect to the intention of the Legislature" (Statutes § 92; see e.g. People v Jones, 26 NY3d 730, 733 [2016]). "[S]ince the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (People v Pabon, 28 NY3d 147, 152 [2016] [quotations omitted]; see McKinney's Cons Laws of NY, Book 1, Statutes § 94). When the language is "clear and unambiguous, as it is here, it should be construed so as to give effect to the plain meaning of the words used" (Jones, 26 NY3d at 733 [quotations omitted]).
Nonetheless, petitioner asserts he has a right to counsel because he is now entitled to appeal before this Court. Petitioner contends that because the 4-a appeal was held in City Court, the Uniform City Court Act § 1702 (a) applies. This statute provides: "An appeal may be taken as of right [f]rom any final or interlocutory judgment except one entered subsequent to an order of an appellate court which disposes of all the issues in the action." Here, however, City Court's 4-a determination is not a "judgment" (see generally CPLR 5011; CPL 1.20 [15]), it is an appellate decision from an Executive Law appeal (see Statutes § 231 ["Every word to be given effect"]).
"The right to appeal depends upon express constitutional or statutory authorization" (Friedman v State, 24 NY2d 528, 535 [1969]). Statutory authorization is a required prerequisite to an appeal (see generally Matter of 381 Search Warrants Directed to Facebook, Inc. [New [*2]York County Dist. Attorney's Off.], 29 NY3d 231 [2017]). Here, the Legislature provided a mechanism for judicial appeal that was not previously available by permitting, for what appears to be the first time, a City Court judge to serve as an appellate judge. The Legislature, however, did not empower this Court to hear a second-tier appeal and thus, County Court has no authority to grant petitioner's request for poor person relief and assignment of counsel for second-tier 4-a appeal (compare County Law §§ 717, 722 with Executive Law § 259-i [4] [b]).
While the Executive Law instructs that 4-a appeals must follow Criminal Procedure Law for rules involving the filing a notice of appeal, a stay, and perfection of the appeal, 4-a appeals are not criminal appeals. Rather, these 4-a appeals are a creature of the Executive Law, which provides for only one judicial appeal of the parole board's determination. Moreover, the right to counsel in these parole matters is statutorily derived. The statute provides that, "Counsel shall be assigned to the individual, if unable to afford counsel, by the court before which the appeal is taken or is to be taken" (Executive Law § 259-i [4-a] [b]).
Petitioner's claim that a 4-a appeal held in City Court is a de novo hearing, not an actual appeal is belied by the plain language of the statute. Executive Law 259-i (4-a) (d) terms the proceedings an "appeal," and sets forth that "[o]n such appeal, the reviewing city, district, county or supreme court shall consider de novo the issues raised by the appellant." The distinction between a standard of review and the type of proceeding cannot be ignored. A de novo standard of review on appeal is not the same as a de novo hearing (see generally Matter of Walker v Annucci, 167 AD3d 1531 [4th Dept 2018]). Petitioner concedes the record on appeal before this Court would be identical to the record reviewed by City Court making this a second-tier appeal, not an appellate review of a trial de novo judgment.
The plain language of Executive Law § 259-i (4-a) does not provide for second-tier appeals to County Court as a right (see In the Matter of Arctic M. Rogers v State of New York Department of Corrections and Community Supervision and Board of Parole, Sup Ct, Monroe County, December 13, 2024, Randall, A.J., index No. SMZ 70306-23 [holding there is no statutory authority for a second 4-a appeal in Supreme Court]). Therefore, this Court lacks jurisdiction to appoint counsel pursuant to Executive Law § 259-i (4-a) (b) and to grant the relief petitioner seeks.

CONCLUSION
Petitioner's request for continued eligibility for poor person relief and assignment of counsel on appeal is therefore DENIED.
This constitutes the Decision and Order of the Court.
Dated this 10th day of March, 2025, at Rochester, New York
HONORABLE CAROLINE E. MORRISON
COUNTY COURT JUDGE