Giampino v A Royal Flush of N.Y. II, Inc. (2025 NY Slip Op 06995)

Giampino v A Royal Flush of N.Y. II, Inc.

2025 NY Slip Op 06995

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2023-07456
 (Index No. 618549/21)

[*1]Sharon Giampino, plaintiff, 
vA Royal Flush of New York II, Inc., defendant third-party plaintiff-respondent; New York State Office of Parks, Recreation and Historic Preservation, third-party defendant-appellant.

Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Elizabeth A. Brody of counsel), for third-party defendant-appellant.
Kaufman, Dolowich & Voluck, LLP, White Plains, NY (Matthew P. Solomon of counsel), for defendant third-party plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries and a related third-party action for indemnification and contribution, the third-party defendant appeals from an order of the Supreme Court, Suffolk County (James F. Quinn, J.), dated June 22, 2023. The order denied the third-party defendant's motion pursuant to CPLR 3211(a) to dismiss the third-party complaint.
ORDERED that the order is reversed, on the law, with costs, and the third-party defendant's motion pursuant to CPLR 3211(a) to dismiss the third-party complaint is granted.
The plaintiff, Sharon Giampino, commenced this action to recover damages for personal injuries against the defendant third-party plaintiff, A Royal Flush of New York II, Inc. (hereinafter Royal Flush), after she tripped and fell over the entrance to a portable restroom located in Jones Beach. Royal Flush commenced a third-party action for indemnification and contribution against the third-party defendant, New York State Office of Parks, Recreation and Historic Preservation (hereinafter NYS Parks).
Thereafter, NYS Parks moved pursuant to CPLR 3211(a) to dismiss the third-party complaint, contending, among other things, that dismissal was warranted pursuant to CPLR 3211(a)(2) and (7) because the Supreme Court lacks subject matter jurisdiction and the Court of Claims has exclusive jurisdiction over the claims alleged in the third-party complaint. Royal Flush opposed the motion. In an order dated June 22, 2023, the Supreme Court denied NYS Parks' motion. NYS Parks appeals.
"Generally, the Court of Claims has exclusive jurisdiction over actions for money damages against State agencies, departments, and employees acting in their official capacity in the exercise of governmental functions" (Borawski v Abulafia, 117 AD3d 662, 663 [alteration and internal quotation marks omitted]; see Matter of Ruotolo v State of New York Div. of Hous. & Community Renewal, 211 AD3d 955, 957). Similarly, where "indemnification or contribution is sought from the State, the claim may only be brought in the Court of Claims" (Bay Ridge Air Rights [*2]v State of New York, 44 NY2d 49, 54; see Artibee v Home Place Corp., 28 NY3d 739, 751). "Where, however, the suit against the State agent or officer is in tort for damages arising from the breach of a duty owed individually by such agent or officer directly to the injured party, the State is not the real party in interest—even though it could be held secondarily liable for the tortious acts under respondeat superior" (Morell v Balasubramanian, 70 NY2d 297, 301; see Borawski v Abulafia, 117 AD3d at 663).
Here, the Supreme Court erred in concluding that Royal Flush's causes of action for indemnification and contribution against NYS Parks do not fall within the exclusive jurisdiction of the Court of Claims (see Bay Ridge Air Rights v State of New York, 44 NY2d at 54). Although the State is not the real party in interest in a suit against an agent or officer alleging the breach of a duty owed individually by such agent or officer directly to the injured party, here, the third-party complaint fails to state such allegations (see Dinerman v NYS Lottery, 58 AD3d 669). Royal Flush's claims arise out of acts allegedly performed by State employees in the course of their official duties (see generally Parks, Recreation and Historic Preservation Law § 3.09[4], [5]).
Royal Flush's remaining contentions are without merit.
Accordingly, the Supreme Court should have granted, pursuant to CPLR 3211(a)(2) and (7), NYS Parks' motion to dismiss the third-party complaint.
IANNACCI, J.P., VOUTSINAS, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court